**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

JOSEPH GRIEVESON,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 96-9533

---

On Petition for Review from the
Board of Immigration Appeals
(BIA No. A30 360 088)

---

Submitted on the briefs:[*]

Joseph Grieveson, pro se.

Brenda E. Ellison, Senior Litigation Counsel, Jane Gomez, Office of Immigration
Litigation, Civil Division, Department of Justice, Washington, D.C., for Respondent.

---

Before **EBEL, KELLY**, and **BRISCOE**, Circuit Judges.

---

**PER CURIAM**.

---

    [*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not be of material assistance in the determination
of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

This case is before the court based on a motion by Respondent Immigration and Naturalization Service to dismiss the petition for review for lack of jurisdiction. Petitioner Grieveson did not respond to the motion despite court orders directing him to do so.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, was signed into law. Section 440(a) of the AEDPA amended 8 U.S.C. § 1105a(a)(10) to provide in relevant part that "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) . . . shall not be subject to review by any court." [1]

The Immigration and Naturalization Service charged Joseph Grieveson as deportable under 8 U.S.C. § 1251(a)(2)(A)(iii), an alien convicted of an aggravated felony, and under 8 U.S.C. § 1251(a)(2)(B)(i), an alien convicted of a controlled substance violation. In September 1995, an Immigration Judge found him deportable as charged, denied his application for relief under 8 U.S.C. § 1182(c), and ordered him deported from the United States to Canada. In an August 2, 1996 decision, the Board of Immigration Appeals dismissed his appeal. Mr. Grieveson filed his petition for review on September 3, 1996, which was several months after the AEDPA was signed into law.

---

[1] 8 U.S.C. § 1105a(a) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, enacted September 30, 1996, and replaced by 8 U.S.C. § 1252. In the present case, pre-IIRIRA standards apply.

We concluded this appeal is barred by 8 U.S.C. § 1105a(a)(10), as amended by Section 440(a) of the Antiterrorism and Effective Death Penalty Act. Petitioner Grieveson was found deportable for offenses specified in 8 U.S.C. § 1105a(a)(10).

The motion to dismiss is GRANTED. The petition for review is DISMISSED for lack of jurisdiction. The mandate will issue forthwith.